IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANTHONY SMITH GORDON                                                                        PLAINTIFF

v.                                    Civil No. 2:20-CV-02020

SHERIFF RON BROWN,                                                                         DEFENDANTS
NURSE BECKY CORRERO,
DR. WHITE and SERGEANT ORTIZ

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P.K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey three Court Orders and failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on February 19, 2020. (ECF No. 1). On August 20, 2020, Defendants Correro and White filed a Motion for Summary Judgment. (ECF No. 22). The next day, the Court entered an Order directing Plaintiff to file his Response to the Motion by September 11, 2020. (ECF No. 25). In the Order, Plaintiff was advised that failure to timely and properly comply would result in either Defendants' facts being deemed admitted or in the dismissal of his case. (*Id.*). This Order was not returned as undeliverable.

On October 28, 2020, Defendants Brown and Ortiz filed their Motion for Summary Judgment. (ECF No. 26). On October 30, 2020, the Court entered an Order directing Plaintiff to file his Response to the Motion by November 20, 2020. (ECF No. 29). In the Order, Plaintiff was

1

again advised that failure to timely and properly comply would result in either Defendants' facts being deemed admitted or dismissal of his case. (*Id*.). This Order was not returned as undeliverable.

On November 4, 2020, the Court entered a Show Cause Order, directing Plaintiff to show cause by December 10, 2020, for his failure to Respond to the Motion for Summary Judgment by Defendants Correro and White. (ECF No. 30). Plaintiff was advised for the third time in this case that failure to file his Response to the Order by the deadline would result in the dismissal of his case. (*Id*.). This Order was not returned as undeliverable. Instead of filing the required Response, Plaintiff filed a Motion to Amend his Complaint, which was denied as untimely on November 19, 2020. (ECF No. 32). In this denial Order, Plaintiff was reminded that he had missed the deadline to Respond to the Motion for Summary Judgment by Defendants Correro and White, his Response to the Summary Judgment Motion by Defendants Brown and Ortiz was due the next day, and his Show Cause Response was due no later than December 10, 2020. (*Id*.). This Order was not returned as undeliverable.

To date, Plaintiff has failed to file his Response to either of the pending Summary Judgment Motions or to the Show Cause Order.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. CONCLUSION

Plaintiff has failed to respond to the Defendants' motions for summary judgment. Plaintiff has failed to comply with three Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of December 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE